**GOLD KIST, INC. et al., Petitioners,**

v.

**TEXAS UTILITIES ELECTRIC CO. f/k/a Texas Power and Light Company, Respondent.**

**No. D–1677.**

Supreme Court of Texas.

May 6, 1992.

Rehearing Overruled June 24, 1992.

Scott Patrick Stolley, Dallas, Robert Waltman, Bryan, John C. Hart, Dallas, R.

---

Lawrence Purdy, Minneapolis, Minn., Gavrielle H. Kickham, Dallas, Roger L. Glandon, Abilene, for petitioners.

Joann N. Wilkins, David M. Weaver, Dallas, for respondent.

## PER CURIAM.

This case requires us to decide whether under the pre–1987 comparative negligence statute a non-settling defendant has the exclusive authority to elect either a dollar-for-dollar or proportional credit based on the settlement of a co-defendant. Here, the plaintiff requested and the trial court submitted jury questions which effectively denied the non-settling defendant the opportunity to make an election. The trial court granted a proportional reduction in damages assessed rather than the dollar-for-dollar credit the non-settling defendant requested. The court of appeals disagreed and modified the judgment to give the non-settling defendant a dollar-for-dollar credit, and affirmed the judgment as modified. 817 S.W.2d 749. We reverse the judgment of the court of appeals and affirm the trial court's judgment.

### I.

A truck owned and operated by Higginbotham Brothers & Co. ("Higginbotham") struck a guy wire attached to a utility pole which belonged to Texas Power & Light ("TP & L," currently known as Texas Utilities Electric Company). The impact damaged the electrical transmission lines supported by the pole and caused them to fall across a warehouse owned by Durham Peanut Co. ("Durham"). The resulting fire damaged the building and the building's contents which were owned by Durham, Gold Kist, Inc. ("Gold Kist"), and Columbian Peanut Co. ("Columbian").

Gold Kist initiated this suit on December 18, 1986. After cross-actions, counterclaims, and interventions, Gold Kist, Millers Mutual Fire Insurance Company ("Millers Mutual") suing in the name of its insured Durham, and Columbian were aligned as plaintiffs against defendants Higginbotham, TP & L, and Van–Walls Urethane Contractors, Inc. ("Van Walls"). Van–Walls, which had installed the insulation in the damaged warehouse, though served, did not file an answer or otherwise make an appearance. Higginbotham and TP & L filed cross-actions against each other.

Before trial, Higginbotham settled with the plaintiffs. Under the terms of the settlement agreement, Higginbotham agreed to pay Gold Kist a maximum of $918,367.50 ($229,592.00 at the time the agreement was signed); Durham a maximum of between $989,731.11 and $1,075,333.90 depending on the amount of the final judgment ($247,432.78 at the time the agreement was signed); and Columbian a maximum of $52,367.77 ($13,091.94 at the time the agreement was signed). The agreement, among other things, reduced Higginbotham's obligation for each dollar of damages assessed by the jury against TP & L or Van–Walls. As a result, Higginbotham paid $490,116.72 to cap its potential liability to the plaintiffs at $2,046,069.23.

At trial Higginbotham stipulated to its driver's negligence. After the close of the evidence and before the charge was submitted to the jury, TP & L filed a written request for a dollar-for-dollar credit for the amount Higginbotham had paid or would pay under its settlement agreement with the plaintiffs.

The trial court submitted jury questions inquiring about the negligence of TP & L, Higginbotham and Van–Walls. TP & L objected to the questions inquiring about the existence and amount of Higginbotham's negligence but nevertheless requested two alternative questions which made essentially the same inquiries.

The jury found Higginbotham and TP & L both negligent and found that each caused fifty percent of the plaintiffs' damages; it found no negligence on the part of Van–Walls. The jury awarded damages of $921,174.09 to Gold Kist; $552,850.81 to Durham; and $51,247.84 to Columbian. The trial court rendered judgment holding Higginbotham and TP & L jointly and severally liable for the full amount of the

damages plus prejudgment and post-judgment interest. The court thus implicitly refused TP & L's written dollar-for-dollar credit election and imposed a proportional reduction of TP & L's liability based on the jury comparative negligence findings.

The court of appeals modified the trial court's judgment and affirmed it as modified. The court of appeals held that the trial court had erred when it applied a proportional reduction in the amount of Higginbotham's negligence to TP & L's liability and that TP & L was entitled to a dollar-for-dollar credit for the total amount of Higginbotham's settlements with the plaintiffs. This meant that TP & L was given a credit of $918,367.50 on the judgment against it in favor of Gold Kist; that TP & L was granted a dollar-for-dollar credit for the total amount of Higginbotham's settlement of $989,731.11 on the judgment in favor of Durham and intervenor Millers Mutual; and that TP & L was granted a dollar-for-dollar credit for the total amount of Higginbotham's settlement of $52,367.77 on the judgment in favor of Columbian. These credits represented the ceiling of Higginbotham's liability under the settlement agreement and the trial court's judgment. The result of the court of appeals's judgment was to reduce TP & L's liability to approximately $3,000.

All parties filed applications for writ of error with this court.

## II.

■ In pure negligence suits filed before September 2, 1987, such as this,[1] the effect of a settlement involving fewer than all defendants on the liability of a remaining non-settling defendant is governed by two statutes:

(1) "If the existence and amount of an alleged joint tort-feasor's negligence are not submitted to the jury because the tort-feasor has paid an amount in settlement to a claimant ..., each defendant is entitled to deduct from the amount for which he is liable to the claimant a per-

centage of the amount of the settlement based on the ratio of the defendant's negligence to the total negligence of all defendants." TEX.CIV.PRAC. & REM.CODE ANN. § 33.014 (Vernon 1986).

(2) "If an alleged tort-feasor settles with a claimant but is joined as a party defendant when the case is submitted to the jury so that the existence and amount of his negligence are submitted to the jury, the settlement is a complete release of the portion of the judgment attributable to him." TEX.CIV.PRAC. & REM.CODE ANN. § 33.015 (Vernon 1986).

Under these two statutes, the judgment rendered against a non-settling tortfeasor may be affected by whether the settling tortfeasors negligence was submitted for determination by the jury. If the settling tortfeasor's negligence is submitted, the non-settling tortfeasor is liable only for that portion of the damages attributable to the non-settling tortfeasor, *id.* § 33.015; otherwise, the non-settling tortfeasor is entitled to a reduction for every dollar paid in settlement by any defendant. *Id.* at § 33.-014.

The court of appeals held that the decision to submit the settling tortfeasor's negligence to the jury, and thus the election between a proportionate credit and a dollar-for-dollar credit, is reserved solely to the non-settling defendant and cannot be made by the plaintiff. The court held that TP & L made its election of a dollar-for-dollar credit by written motion just before the submission of the case to the jury.

We disagree and hold that TP & L's written election of a dollar-for-dollar credit was ineffective. The comparative negligence statute was amended in 1987 to give a non-settling defendant the exclusive right to make a written election between the two types of remedies. Act of June 16, 1987, 70th Leg., 1st C.S., ch. 2, § 2.10, 1987 Tex. Gen.Laws 37, 43 (codified at TEX.CIV.PRAC. & REM.CODE § 33.014). However, that amendment only applies to cases filed after September 2, 1987. *Id.* at § 4.05, 1987 Tex.Gen.Laws at 51. Since this case was

---

1. Because the jury found liability only for negligence, we consider only a pure negligence standard. *Beech Aircraft Corp. v. Jinkins,* 739 S.W.2d 19, 20 (1987).

filed in December 1986, the pre-amendment version of the statute controls. Consequently, the election between a proportional credit and a dollar-for-dollar credit is determined solely by the submission of the settling defendant's negligence to the jury regardless of who requests the submission.

■ Furthermore, we hold that the plaintiff had the right to request the submission of the settling tortfeasor's negligence to the jury. We came to a similar conclusion in *Cypress Creek Util. Serv. Co. v. Muller,* 640 S.W.2d 860, 866 (Tex.1982), where we held:

> The opinion in *Deal v. Madison* [, 576 S.W.2d 409 (Tex.Civ.App.—Dallas 1978, writ ref'd n.r.e.) ] does, however, imply that the negligence of a settling tortfeasor may not be submitted at the request of a plaintiff in order to trigger section 2(e) [now TEX.CIV.PRAC. & REM. CODE ANN. § 33.015 (Vernon 1986) ]. To the extent *Deal v. Madison* can be read to hold that section 2(e) applies only at the option of the defendant, it conflicts with the statute and this opinion, and it is disapproved.

*Cypress Creek,* 640 S.W.2d at 866.

The court of appeals in this case distinguished *Cypress Creek* in that in *Cypress Creek* one plaintiff did not settle with any defendant. Consequently, the court reasoned, that non-settling plaintiff had a right to submit the question of each defendant's negligence to the jury to ascertain each defendant's liability to that plaintiff. The court distinguished *Cypress Creek* as applying only in a situation where there is a non-settling plaintiff. In those situations, the court argued, the non-settling plaintiff retains the right to submit the defendant's negligence to the jury and this right can defeat the non-settling defendant's right to elect a dollar-for-dollar credit. However, the court held that when all of the plaintiffs settle, as here, the non-settling defendant's right to elect a dollar-for-dollar credit is paramount.

We disagree. We find nothing in pre–1987 sections 33.014 and 33.015 that gives the non-settling defendant the exclusive right to elect the type of credit it is to receive due to the settlement. Nor are we aware of any policy considerations which would support such a rule. To the contrary, giving the plaintiff some control over the election is consistent with our previously articulated policy of leaving both the benefits and risks of settlement with the plaintiff who necessarily has greater control over whether settlement will occur. *Duncan v. Cessna Aircraft Co.,* 665 S.W.2d 414, 430 (Tex.1984) (if the plaintiff deems settlement disadvantageous on negotiated terms it can choose not to settle at all).

We hold that the trial court did not err when it submitted the plaintiffs' jury question which inquired about the existence and amount of Higginbotham's negligence under the pre-September 2, 1987 comparative negligence statute. Therefore, we hold that the court of appeals erred in modifying the trial court's judgment on that basis.

Pursuant to rule TEX.R.APP.P. 170, we grant the applications for writ of error of Gold Kist, Millers Mutual, Columbian, and Higginbotham, deny TP & L's application for writ of error and, without hearing oral argument, a majority of the court reverses the judgment of the court of appeals and affirms the judgment of the trial court.