**Goldia MALONE, Appellant,**

v.

**HENDRICK MEDICAL CENTER, Appellee.**

**No. 11–92–081–CV.**

Court of Appeals of Texas, Eastland.

Feb. 4, 1993.

Rehearing Denied March 4, 1993.

Charles E. Jones, Jr., Jones & Edwards, Sweetwater, for appellant.

David R. Cobb, McMahon, Surovik, Suttle, Buhrmann, Cobb & Hicks, Abilene, James H. Holmes, III, Edwin L. Meador, Burford & Ryburn, Dallas, for appellee.

## OPINION

McCLOUD, Chief Justice.

Appellant, Goldia Malone, filed suit against Hendrick Medical Center for injuries she allegedly received while she was a patient at the hospital. Appellant contended that her legs were burned as a result of excessively-heated water being used in a treatment procedure. The trial court entered summary judgment for the hospital. We reverse and remand.

Appellant was admitted to the hospital for the purpose of treating pain in her lower legs. Part of the treatment consisted of her legs being soaked in warm water at regular intervals. Appellant asserts that employees of the hospital burned her legs on one occasion by using water that

was too hot. She contends that she suffered extreme pain, permanent scarring, and eventual loss of function in her legs as a result of the burning.

■ A defendant who moves for summary judgment has the burden of proving that no material issue of fact exists as to the plaintiff's cause of action and that it is entitled to summary judgment as a matter of law. See TEX.R.CIV.P. 166a(c); *Griffin v. Rowden*, 654 S.W.2d 435, 435–436 (Tex. 1983). This may be accomplished by disproving, as a matter of law, one or more of the elements essential to the plaintiff's claim. *Anderson v. Snider*, 808 S.W.2d 54, 55 (Tex.1991). A summary judgment for a defendant disposing of the entire case is proper only if, as a matter of law, plaintiff could not succeed upon any theories pleaded: *Interstate Fire Insurance Company v. First Tape, Inc.*, 817 S.W.2d 142, 144 (Tex.App.—Houston [1st Dist.] 1991, writ den'd); see *Delgado v. Burns*, 656 S.W.2d 428 (Tex.1983).

■ If the defendant establishes its entitlement to judgment as a matter of law, the plaintiff, as non-movant, must present summary judgment proof to establish a fact issue. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979). In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true. *Nixon v. Mr. Property Management Company, Inc.*, 690 S.W.2d 546, 548–549 (Tex. 1985); *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex.1984). Every reasonable inference must be indulged in favor of the non-movant, and any doubts must be resolved in his favor. *Nixon v. Mr. Property Management Company, Inc.*, supra; *Montgomery v. Kennedy*, supra.

The hospital contends that the issues of proximate cause and injury were negated as a matter of law by the affidavit of Dr. Edward H. Martin. Dr. Martin was appellant's physician at the time the incident in question occurred.[1] Dr. Martin's affidavit

states that appellant had infected, open sores on her legs when she was admitted to the hospital. He reached the conclusion that appellant was not injured as she alleged because he found no evidence of injury when he examined appellant soon after the incident. Appellant's summary judgment evidence consisted of the transcript of appellant's deposition and the records of other physicians who examined appellant after the incident.[2] Appellant stated in her deposition that she did not have open sores on her legs before being admitted to the hospital. She described the event as follows:

Q. Did [the hospital employees] get [the water] too hot?

A. They did on that last [treatment].

Q. The last occasion is when they got the water too hot?

A. Right.

Q. The first time, it wasn't too hot?

A. Right.

Q. Now, on this second time, how do you know it was too hot?

A. Because it burned.

■ The hospital argues that appellant's testimony is insufficient to controvert the expert testimony of Dr. Martin. A movant's right to summary judgment can be proved solely on the uncontroverted testimony of an expert witness if the subject matter is such that a trier of fact would be "guided solely by the opinion testimony of experts, if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." *Anderson v. Snider*, supra at 55; Rule 166a(c). This same rule applies even if the expert is an interested witness to the suit. *Anderson v. Snider*, supra at 55. The question we must resolve is whether appellant's statements were sufficient to controvert Dr. Martin's testimony.

■ In a medical negligence case, proof of negligence and proximate cause must generally be established through ex-

---

1. Appellant named Dr. Martin as a defendant in this action. The trial court also granted summary judgment for Dr. Martin. However, appellant does not appeal that order.

2. Our disposition of this appeal does not require us to determine the effect of the other physician's records.

pert medical testimony. See *Williford v. Banowsky*, 563 S.W.2d 702, 706 (Tex.Civ. App.—Eastland 1978, writ ref'd n.r.e.). Under this general rule, the otherwise legally sufficient affidavit of a medical expert presented as summary judgment evidence can only be controverted by other expert medical testimony. *Anderson v. Snider*, supra at 55; *Arguello v. Gutzman*, 838 S.W.2d 583, 587 (Tex.App.—San Antonio 1992, n.w.h.). This requirement does not apply, however, when the alleged malpractice and injuries are "plainly within the common knowledge of laymen." *Williford v. Banowsky*, supra at 706; *Arguello v. Gutzman*, supra at 587–588. This exception, based on the doctrine of res ipsa loquitur, allows the plaintiff in a medical malpractice suit to create a fact issue without expert medical testimony. As applied in the summary judgment context, the exception allows the factual basis of medical expert testimony to be controverted by lay testimony. See *Arguello v. Gutzman*, supra at 587–588.

■ Appellant's testimony was sufficient to controvert Dr. Martin's testimony if the act of burning someone with hot water is a matter plainly within the common knowledge of laymen. Examples of cases wherein the nature of alleged malpractice and injuries are plainly within the common knowledge of laymen include negligence in the use of mechanical instruments, operating on the wrong part of the body, and leaving surgical equipment inside the body. *Williford v. Banowsky*, supra at 706. We hold that the act of burning someone with water that is too hot and the resulting pain are also matters plainly within the common knowledge of laymen. The average person knows that physical pain will be experienced if water that is too

hot is applied to the body. Furthermore, a layman is competent to describe the facts surrounding burning and the extent of the resulting pain.

Appellant's testimony sufficiently controverted the factual basis of Dr. Martin's expert opinion so as to raise a disputed material fact issue.[3] The entry of summary judgment was improper.

The judgment of the trial court is reversed, and the cause is remanded for trial.

---

**3.** The hospital contends that TEX.REV.CIV. STAT.ANN. art. 4590i, § 7.01 (Vernon Pamph. Supp.1993) bars appellant from relying upon the doctrine of res ipsa loquitur to escape the general requirement for medical testimony. Section 7.01 provides:

> The common-law doctrine of res ipsa loquitur shall only apply to health care liability claims against health care providers or physicians in those cases to which it has been applied by the appellate courts of this state as of the effective date of this subchapter.

The Medical Liability and Insurance Improvement Act of Texas, TEX.REV.CIV.STAT.ANN. art. 4590i (Vernon Pamph.Supp.1993), took effect August 29, 1977. *Haddock v. Arnspiger*, 793 S.W.2d 948, 950 (Tex.1990). Res ipsa loquitur was applied in medical malpractice cases wherein the nature of the alleged malpractice and injuries were plainly within the common knowledge of laymen before August 29, 1977. See *Haddock v. Arnspiger*, supra at 950–51; *Rayner v. John Buist Chester Hospital*, 526 S.W.2d 637, 639 (Tex.Civ.App.—Waco 1975, writ ref'd n.r.e.).