**T.H. ANDERSON, III, Individually and as Next Friend for Robert Anderson, Appellant,**

v.

**MARKET STREET DEVELOPERS, LTD. d/b/a West End Market Place and Montgomery Elevator Company, Appellees.**

No. 11–96–060–CV.

Court of Appeals of Texas, Eastland.

May 1, 1997.

Rehearing Overruled June 5, 1997.

A.D. Clark, III, Law Office of A.D. Clark, III, Deborah J. Race, Ireland, Carroll & Kelley, P.C., Tyler, for Appellant.

Dennis L. Roossien, Jr., Michael R. Buchanan, Gregory Lane Allen, Alan Daughtry, Strasburger & Price, James A. Williams, Douglas R. Lewis, Bailey & Williams, Dallas, for Appellees.

Before ARNOT, C.J., DICKENSON, J., and McCLOUD, Senior Justice.*

* Austin McCloud, Retired Chief Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

ARNOT, Chief Justice.

Robert Anderson, age 12, was injured while riding on an escalator at the West End Market Place. Robert alleges that his right leg was cut by a protruding screw. Robert was taken to the hospital. T.H. Anderson, III, Robert's father, brought suit, in an individual capacity and as his son's next friend, against Market Street Developers, Ltd., d/b/a West End Market Place, the operator of the shopping and restaurant area; its manager Paul Klooster; and Montgomery Elevator Company, which maintained the escalator, alleging various acts of negligence. Suit was filed in Smith County but was transferred to Dallas County, the site of the accident. Subsequently, the cause of action against Klooster was dismissed. The trial court entered summary judgment for the remaining defendants. Anderson appeals, complaining in two points of error that the trial court erred in transferring the case from Smith County, a county of proper venue, and in granting the summary judgment. We reverse and remand.

### Venue

We will first address Anderson's second point of error. In his second point of error, Anderson claims that the trial court erred in transferring this case from Smith County, where the original action was filed, to Dallas County, the county in which the accident occurred.

In his original petition, Anderson pleaded that venue was proper in Smith County pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 15.036 (Vernon 1986) because the defendant, Montgomery Elevator Company, a Texas corporation, had an agency or representative in Smith County, the nearest county to plaintiff's county of residence. Anderson lived in Gregg County. In its answer and motion to transfer, Market Street Developers, Ltd., asserted that Montgomery Elevator was a Delaware corporation and that the applicable statute was TEX. CIV. PRAC. & REM. CODE ANN. § 15.037 (Vernon 1986). Montgomery Elevator, in its answer and motion to transfer, stated that the applicable statute was Section 15.037 but,

interestingly, never asserted that it was a foreign corporation. Section 15.037 provides that a foreign corporation may be sued in any county in which the company may have an agency or representative. Regardless, the language under consideration, "agency or representative," is the same in both statutes.

Sections 15.036 and 15.037 provide that a suit against a corporation may be filed in any county in which the corporation may have an "agency" or "representative." TEX. CIV. PRAC. & REM. CODE ANN. § 15.064 (Vernon 1986) and TEX.R.CIV.P. 87 require this court to conduct an independent review of the entire record to determine whether venue was or was not proper in the ultimate county of suit. Ruiz v. Conoco, Inc., 868 S.W.2d 752 (Tex.1993).

In his response to the motion to transfer, Anderson filed an affidavit in which he stated:

I have investigated to find the nearest office, agent or representative of Montgomery Elevator Company to my county of residence. There are no offices, agents, or representatives in Gregg County, Texas. I have found an office, agent or representative of Montgomery Elevator Company at 1417 S SE Loop 323, Tyler, Texas 75201, Smith County, Texas. Smith County, Texas is the nearest county to Gregg County, Texas in which Montgomery Elevator Company has an office, agent, or representative.

At the hearing on the motion, it was represented that Montgomery Elevator had an office which had an answering machine and a telephone and that there were no employees there with broad discretion to act for the corporation. The court in Ruiz v. Conoco, Inc., supra at 759, determined that:

[V]enue against a corporation may be predicated upon the presence in a county of either an agency—a more or less regular and permanent business operation—or a representative with broad powers to act for the corporation....The missing element in an ordinary employee, essential for both types of persons in the venue

statute, is possession of broad power and discretion to act for the corporation.

Anderson had the burden of proof on this issue. *Wilson v. Texas Parks and Wildlife Department,* 886 S.W.2d 259, 262 (Tex.1994). The venue facts do not show that Montgomery Elevator had any employees at its office which had broad powers to act for the corporation. See *GeoChem Tech Corporation v. Verseckes,* 929 S.W.2d 85 (Tex.App.—Eastland 1996, writ pending); *Atchison, Topeka and Santa Fe Railway Company v. Sanchez,* 890 S.W.2d 793 (Tex.App.—Eastland 1994, no writ). After considering the entire record, we find that venue was proper in Dallas County. Anderson's second point of error is overruled.

### *Summary Judgment*

We will now address Anderson's first point of error in which he claims that the trial court erred in granting a summary judgment.

When reviewing a summary judgment, this court will adhere to the following standards:

(1) The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law;

(2) In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and

(3) Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

TEX.R.CIV.P. 166a; *Goswami v. Metropolitan Savings and Loan Association,* 751 S.W.2d 487, 491 (Tex.1988); *Nixon v. Mr. Property Management Company, Inc.,* 690 S.W.2d 546, 548–49 (Tex.1985); *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979).

As summary judgment proof, Montgomery Elevator relies on the affidavits of Ted Marion Hayes, the repair superintendent for Montgomery Elevator; Klooster, the property manager of the West End Market Place; and Leila Amaya, a security guard, to establish that no screw was protruding from the aluminum molding on the base of the escala-tor when they examined it. Hayes stated that he had personally repaired the escalators at the West End Market Place. On March 28, 1992, the day before the accident, Hayes completed repairs on the escalator handrails, placed the escalator back in service, and did not observe any loose screws. Hayes stated that there was no protruding screw on the escalator and that it was operating properly the day before the accident. Klooster stated that security crews were required to conduct frequent and regular inspections of the escalators and report any problems to maintenance. Also, Klooster stated that each morning cleaning crews polished the aluminum on all of the escalators and were to report any problems. Klooster, in his affidavit, said that no problems were reported from these inspection procedures prior to the accident. In the portions of her deposition offered as summary judgment proof, Amaya testified that she had ridden the escalator about five times each hour on the day of the accident and had not observed the loose screw.

Montgomery Elevator asserts that it has established that there was no genuine issue of material fact concerning its alleged acts of negligence because its expert, Hayes, by his affidavit, clearly established that no act or omission on appellees' part breached any duty owed to plaintiff. We disagree.

First, a movant's right to summary judgment can be proved solely on the uncontroverted testimony of an expert witness if the subject matter is such that a trier of fact would be "guided solely by the opinion of experts, if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." Rule 166a(c). *Malone v. Hendrick Medical Center,* 846 S.W.2d 951, 953 (Tex.App.—Eastland 1993, writ den'd). Hayes stated that he had completed the National Elevator instructional program which trains persons in the industry in the proper maintenance and repair of escalators and that he had taken a mechanic's examination. Consequently, Hayes stated that he was a certified route mechanic on escalators. Hayes' expert opinion was that all repairs to this escalator were done in a

good and workmanlike manner and that Montgomery Elevator was not negligent.

■ Montgomery Elevator relies on *Duncan v. Horning*, 587 S.W.2d 471 (Tex.Civ. App.—Dallas 1979, no writ), for the proposition that mere conclusions of lay witnesses are not competent evidence and cannot be considered for the purpose of controverting expert evidence. We do not disagree with this proposition subject to the exception as set out and discussed in *Malone*. However, *Duncan* is not applicable. First, this is not a fact issue, unlike the medical opinion given in *Duncan*, that can only be established by an expert. This is not a design defect. The risk of injury from a protruding screw next to a moving conveyer belt is something that is within the common knowledge of laymen. Second, Hayes' opinion that Montgomery Elevator was not negligent is not evidence from an interested witness that could have been readily controverted.

■ Montgomery Elevator asserts that Anderson offered no evidence to controvert its summary judgment evidence of Klooster and Amaya that there were no problems with the escalator before the accident and that they were not put on notice of any problem with the escalator prior to this occurrence. However, it is movant's responsibility to disprove, as a matter of law, one or more of the elements essential to plaintiffs' claim. *Delgado v. Burns*, 656 S.W.2d 428 (Tex.1983). While it may be prudent for the non-movant to file a controverting affidavit, the non-movant must present summary judgment proof to establish a fact issue only if the movant establishes its entitlement to judgment as a matter of law. See *City of Houston v. Clear Creek Basin Authority, supra.*

Moreover, the summary judgment evidence in this case raises a material fact issue. In her deposition, Amaya stated that she was contacted by Able Lira, a maintenance person, that the boy had been injured. After calling an ambulance, Amaya and Lira in-spected the escalator. In her deposition, Amaya said:

Q: Do you have any knowledge as to what caused—how the boy was injured? What he was injured on specifically on the escalator?

A: We found a screw on the escalator.

Q: Who is "we"?

A: Able, he went and checked for the screw. It was on the side railing. The aluminum part at the bottom where we were talking about.

Q: Now, just to be clear, at the bottom of the aluminum or at the bottom of the escalator, if you know?

A: It was on the aluminum where it mends together, a screw that was sticking out about an inch.

Q: Well, let me ask you: Did you actually see the screw sticking out before it was removed?

A: No. Able removed it before I saw it.

Q: So you don't have any personal knowledge as to how far it was sticking out?

A: No. He just showed me it was sticking out about that far and that was it.

Also attached to Montgomery Elevator's motion for summary judgment was an incident report signed by an Officer Garcia which stated that the boy suffered a cut about five inches long and one inch deep to his right calf muscle. Garcia stated that Able applied direct pressure to the wound until the ambulance arrived. Anderson received an objective injury: a laceration. Amaya's deposition and the incident report created a fact question as to whether there was a protruding screw.

In its motion for summary judgment, West End Market Place argues that, under the live pleadings at the time of the hearing on summary judgment, Anderson urged only causes of actions for premise liability against it.[1]

1. At oral argument, the question arose as to whether an ordinary degree of care or a high degree of care should be imposed on the premise owner operating an escalator. In their supplemental brief, Anderson argues that one responsible for the operating of elevators and escalators owes a high degree of care to invitees. See *Mattox v. C.R. Anthony Company*, 326 S.W.2d 740 (Tex.Civ.App.—Beaumont 1959, writ ref'd n.r.e.), and *Dill v. Holt's Sporting Goods Store*, 323 S.W.2d 644 (Tex.Civ.App.—Houston 1959, no writ). In contrast, Montgomery Elevator as-

Consequently, West End Market Place argues that the summary judgment evidence conclusively negated any finding of actual or constructive knowledge of the screw allegedly protruding from the escalator. See *Keetch v. Kroger Company,* 845 S.W.2d 262 (Tex. 1992). We disagree.

Klooster's affidavit revealed that no problem was reported the day before. Amaya's deposition revealed that she did not notice the protruding screw. However, as previously detailed, Amaya testified that a maintenance person for West End Market Place found and removed a protruding screw. There is a material question of fact as to whether West End Market Place had actual or constructive knowledge of the screw. See *Motel 6 G.P., Inc. v. Lopez,* 929 S.W.2d 1 (Tex.1996).

Anderson's first point of error is sustained. We reverse the judgment of the trial court and remand this case for trial.

serts that elevators or escalators should be treated by ordinary premise liability standards. See *Triangle Motors of Dallas v. Richmond,* 152 Tex. 354, 258 S.W.2d 60 (1953), and *University of Texas Medical Branch at Galveston v. Davidson,* 882 S.W.2d 83 (Tex.App.—Houston [14th Dist.] 1994, no writ). As we discussed in *Texas Utilities Electric Company v. Gold Kist, Inc.,* 817 S.W.2d 749 (Tex.App.—Eastland 1991), *reversed on other grounds,* 830 S.W.2d 91 (Tex.1992), the common-law rule of ordinary care is elastic enough to meet all emergencies, and the amount of care depends upon the exigency confronted. See also *DeLeon v. Otis Elevator Company,* 610 S.W.2d 179 (Tex.Civ.App.—San Antonio 1980, writ ref'd n.r.e.).