TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN





NO. 03-0 4-00 516-CV



Willie Fields, Appellant


v.


Metroplex Hospital Foundation; Metroplex Adventist Hospital, Inc.; Adventist Health
System; and Sunbelt Healthcare Corporation, Appellees






FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT

NO. 198,787-C, HONORABLE RICK MORRIS, JUDGE PRESIDING




 M E M O R A N D U M O P I N I O N





 Willie Fields appeals from the dismissal of his claims against appellees Metroplex Hospital
Foundation, Metroplex Adventist Hospital, Inc., Adventist Health System, and Sunbelt
Healthcare Corporation. Fields contends that the trial court erred by dismissing his suit for failure
to file an expert report, by denying his motion for new trial, and by awarding attorneys' fees to
appellees. We affirm the judgment.



 Background

 Fields complains that appellees' nurses burned him with a hot compress. While in recovery from
surgery, Fields was receiving fluids intravenously. His hand swelled near the IV 

puncture site, which reduced his sensation in that hand. He alleges that, at a nurse's direction,
another nurse wrapped a wet towel in plastic wrap, repeatedly heated it in a microwave, then
applied it to the swollen area. He asserts that he received second-degree burns from the
overheated towel, and that his treating physician did not authorize the compresses. 

Fields filed suit on July 7, 2003. The 180-day period for filing an expert report expired on
Monday, January 5, 2004. On January 12, 2004, Fields sought an extension of time to file an
expert report. The court never expressly ruled on his motion, although the failure to grant the
motion functioned as a denial. Fields filed an expert report on January 29, 2004, and an amended
report on February 12, 2004. Appellees moved to dismiss his claim because his report was not
filed timely and because the report was deficient. The district court dismissed the suit without
stating a basis in its order. The court awarded $4,880.51 in attorneys' fees and $2.26 in costs to
appellees.



 Discussion

 This dispute on appeal centers on whether Fields was bound by and complied with the
then-applicable statute requiring plaintiffs bringing health care liability claims to file expert
reports within 180 days of the filing of their original petition. See former Tex. Rev. Civ. Stat.
Ann. art. 4590i, § 13.01. (1), (2) The statute required that, by the 180th day after filing suit,
plaintiffs file either 

a nonsuit or an expert report. Id. § 13.01(d). The court could, for good cause shown, extend the
180-day filing period by thirty days. Id. § 13.01(f). The expert report had to provide "a fair
summary of the expert's opinions as of the date of the report regarding applicable standards of
care, the manner in which the care rendered by the physician or health care provider failed to
meet the standards, and the causal relationship between that failure and the injury, harm, or
damages claimed." Id. § 13.01(r)(6). Failure to comply with the report requirement required the
court, upon motion by a defendant, to dismiss the claim against that defendant and award to the
defendant any attorneys' fees and costs it incurred. Id. § 13.01(e).

 We review the propriety of a dismissal for failure to comply with section 13.01 for an abuse of
discretion. American Transitional Care Ctrs., Inc. v. Palacios, 46 S.W.3d 873, 877-78 (Tex.
2001). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without
reference to any guiding rules or principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d
238, 241-42 (Tex. 1985). When reviewing matters committed to the trial court's discretion, a
court of appeals may not substitute its own judgment for the trial court's judgment. Walker v.
Gutierrez, 111 S.W.3d 56, 62 (Tex. 2003). A trial court abuses its discretion if it fails to correctly
analyze or apply the law. Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992).

 Fields contends on appeal that he was not required to file an expert report because the nature of
his injury was within the knowledge of a layperson. He contends that the premise that medical
professionals should not apply compresses so hot that they cause second-degree burns is
supported by the doctrine of res ipsa loquitur--the injury speaks for itself--and does not require
expert testimony to substantiate the standard of care, its breach, or the causal relationship
between the breach and his injury. He relies on cases holding that, where the nature of the injury
is within common knowledge, no expert testimony is necessary. See Haddock v. Arnspiger, 793
S.W.2d 948, 951 (Tex. 1990); Malone v. Hendrick Med. Ctr., 846 S.W.2d 951, 954 (Tex.
App.--Eastland 1993, writ denied).

 Courts have held that a plaintiff's statutory obligation to file a timely expert report remains even
if the causation is commonly understood. Hector v. Christus Health Gulf Coast, 175 S.W.3d 832,
838 (Tex. App.--Houston [14th Dist.] 2005, pet. denied); see also Murphy v. Russell, 167 S.W.3d
835, 838 (Tex. 2005). In Hector, the plaintiff fell off an operating table when she was rotated
during surgery and suffered a cut requiring stitches. 175 S.W.3d at 835. The trial court dismissed
her suit for her failure to file an expert report under article 4590i. Hector argued that the expert
report requirement did not apply because her claim was for simple negligence, not medical
malpractice, and because proof of the relevant elements was supplied by res ipsa loquitur. See id.
The appellate court determined that the negligence claims were medical liability claims within
the statute because they were based on a violation of the standard of care during medical
treatment. Id. at 835-36. The court also held that, even if res ipsa loquitur applied to her case, it
would not obviate the requirement that she file an expert report. Id. at 838. The court relied on
the supreme court's Murphy opinion:







It must also be borne in mind that article 4590i's expert report requirementestablishes a threshold
over which a claimant must proceed to continue a lawsuit. . . . It may be that once discovery is
complete and the case is tried, there is no need for expert testimony. . . . But the Legislature
envisioned that discovery and the ultimate determination of what issues are submitted to the
factfinder should not go forward unless at least one expert has examined the case and opined as
to the applicable standard of care, that it was breached, and that there is a causal relationship
between the failure to meet the standard of care and the injury, harm, or damages claimed.









Id. (quoting Murphy, 167 S.W.3d at 838 (emphasis added to Murphy quotation by
Hectoropinion)). Although the Murphy opinion concerns whether a plaintiff alleging
non-medical claims against a health care provider for injuries suffered during a medical
procedure must file an expert report, the Hector court found dispositive its conclusion that the
legislature required the filing of an expert report irrespective of how the claim will be proved at
trial. Id. at 838-39.

 We agree with the reasoning of the Hector opinion. Fields's claims--including his assault and
battery claims--are based on the violation of the standard of care during medical treatment by
health care professionals and thus are within the report requirement. In permitting some use of
res ipsa loquitur, article 4590i provided that "[t]he common-law doctrine of res ipsa loquitur
shall only apply to health care liability claims against health care providers or physicians in those
cases to which it has been applied by the appellate courts of this state as of the effective date of
this 

subchapter." Former art. 4590i § 7.01. Section 7.01 does not refer in any way to the expert report
requirement, and the report requirement does not refer to the res ipsa loquitur passage. Compare
id. with id. § 13.01. While section 7.01 permitted some proof by res ipsa loquitur, it did not
excuse the filing of a preliminary expert report for a health care liability claim grounded on that
theory.

 Fields alternatively contends that the court abused its discretion when it failed to grant his
motion for extension of time to file a report, and erred by doing so without holding a hearing on
the motion. The statute provided that "a court may, for good cause shown after motion and
hearing, extend any time period . . . for an additional 30 days." Former art. 4590i, § 13.01(f). (3)
The statute did not require a hearing in order to deny the motion. The court did not abuse its
discretion merely by denying the motion without holding a hearing.

 Nor did the court abuse its discretion by denying the motion. Under the statute, the granting of
the motion for extension is discretionary even if good cause is shown. Roberts v. Medical City
Dallas Hosp., 988 S.W.2d 398, 402 (Tex. App.--Texarkana 1999, pet. denied); see also Schorp v.
Baptist Mem'l Health Sys., 5 S.W.3d 727, 732 (Tex. App.--San Antonio 1999, no pet.). Fields
filed suit on July 7, 2003. The 180-day filing period expired Monday, January 5, 2004. On
January 12, 2004, Fields sought a thirty-day extension of the filing period. As good cause, he
cited his attorney's illness with a serious influenza infection beginning November 30, 2003,
which forced him to cut back on his office hours. He noted that the proceeding was in the early
stages of a 75-day abatement at that time because he had served notice of his claim on all
defendants on December 23, 2003 that was received on December 27, 2003. These facts alleged
show that Fields's attorney was not incapacitated, and do not explain how the partial
incapacitation prevented him from obtaining a timely expert report. We cannot say that these
alleged facts rendered the denial of the motion an abuse of discretion.

 Fields also contends that dismissal of his case violated his rights to open courts, due process, and
equal protection under the federal and state constitutions. U.S. Const. Amend. V; (4) Tex. Const.
art. I, §§ 13, 19. We begin with the presumption that a statute is constitutional. See Enron Corp.
v. Spring Indep. Sch. Dist., 922 S.W.2d 931, 934 (Tex. 1996). The party challenging the
constitutionality of a statute bears the burden of demonstrating that it fails to meet constitutional
requirements. Id.

 Analyzing the interplay of the open courts provision and the expert report requirement, the Fort
Worth court focused on whether the requirement was so onerous that it effectively deprived the
litigant of access to the court. See Odak v. Arlington Mem'l Hosp. Found., 934 S.W.2d 868, 872
(Tex. App.--Fort Worth 1996, writ denied). Fields has not shown that the requirement that he file
a report timely was so onerous that it closed the courts to him. He filed a report, but late. This
does not indicate that the requirement was too onerous.

 To analyze Fields's due process complaint, we apply a two-prong test. (5) See Sax v. Votteler, 648
S.W.2d 661, 666 (Tex. 1983). The litigant must show (1) that a cognizable common-law cause of
action is being restricted and (2) that the restriction is unreasonable or arbitrary when balanced
against the purpose and basis of the statute. Id. Unless fundamental rights are implicated,
however, the statute need only be rationally related to a legitimate legislative purpose. The
supreme court described the report as a threshold requirement surmounted by having an expert
assess the standard of care, its breach, and any causal connection between the breach and harm.
Murphy, 167 S.W.3d at 838. The rationale is that this "small hurdle" serves the rational purpose
of eliminating patently unmeritorious claims early, thereby reducing the aggregate costs of
defending against frivolous claims and theoretically reducing the costs of insurance and medical
care to all. See Odak, 934 S.W.2d at 871; see also generally former Art. 4590i, § 1.02 (detailing
legislature's rationale for adopting statutory scheme). The facts alleged do not show that the
burden on Fields to file a report is unreasonable or arbitrary when balanced against the systemic
benefits of having an expert evaluate whether plaintiffs' claims have some merit. We find no
violation of plaintiff's rights to due process or due course of law.

 A similar balancing test defeats Fields's assertion that the dismissal violates his right to equal
protection. Fields's claim is not subject to strict scrutiny because he has not shown that he claims
impingement on fundamental rights or a suspect class. See In re Living Ctrs. of Am., Inc., 10
S.W.3d 1, 6 (Tex. App.--Houston [14th Dist.] 1999, orig. proceeding) (strict scrutiny applicable
to infringements on fundamental rights or suspect classes). (6) When a statute burdens a sensitive
class or impinges on an important right, the statute is subject to an intermediate level of scrutiny,
which requires a showing that the statute is substantially related to an important state interest. See
City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 440 (1985) (plurality opinion). All
other equal protection claims are reviewed to determine whether the classification bears a
rational relationship to a legitimate state interest. See In re Living Ctrs., Inc., 10 S.W.3d at 6.
Fields appears to assert that he is being treated differently from other plaintiffs by being barred
from the courts and deprived due process available to others. But the legislature determined that
medical liability plaintiffs should be treated differently because of the negative effects the
numbers and cost of their lawsuits had on the provision of health care. Seeformer art. 4590i, §
1.02. Fields has failed to show that the report requirement is not rationally or substantially related
to a legitimate or important state interest. Accordingly, he has shown no violation of his right to
equal protection.

 In his second and third issues, Fields complains that the trial court erred by overruling his
motion for new trial and by awarding attorneys' fees pursuant to former article 4590i section
13.01(e)(1). Both of these grounds are premised on the argument that the trial court erred by
dismissing his suit, including the assault and battery claims in his second amended petition. As
discussed, the assault and battery claims are subject to the report requirement. Because we have
found no error in the court's dismissal of the suit based on Fields's failure to comply with the
expert report requirement, we conclude that the trial court did not err by overruling the motion
for new trial or by awarding attorneys' fees.



 Conclusion

 Having resolved all issues raised on appeal in favor of the judgment, we affirm the judgment of
the trial court.





 

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: July 28, 2006

1. This statute has been revised and codified since this suit was filed. Act of May 5, 1995, 74th
Leg., R.S., ch. 140, § 1, 1995 Tex. Gen. Laws 985, 985-87 (adding expert report requirement, at
former Tex. Rev. Civ. Stat. art. 4590i, § 13.01(d)), repealed and recodified as amended by Act of
June 2, 2003, 78th Leg., R.S., ch. 204, §§ 10.01, 10.09, and 23.02(a), (d), 2003 Tex. Gen. Laws
847, 864, 884, 898-899 (adopting chapter 74 of the Texas Civil Practice and Remedies Code,
applicable only to actions filed on or after September 1, 2003, and continuing prior law in effect
for actions filed before that date) (current version at Tex. Civ. Prac. & Rem. Code Ann. § 74.351
(West Supp. 2005)).



 For convenience, we will refer to this revised and recodified statute as "former article 4590i"
rather than the full session law citation. 

2. Appellees moved to dismiss for Fields's failure to file reports within two time periods--a
90-day period and a 180-day period. See former art. 4590i, § 13.01. The statute required that,
before dismissing for failure to file a bond or report within 90 days, the court issue an order
giving the plaintiff an opportunity to cure noncompliance. See id. § 13.01(b). Because the court
did not issue such an interim order, we conclude that the trial court did not dismiss under that
provision. Although the order does not specify a basis, it does award attorneys' fees and costs as
permitted under the 180-day provisions. See id. § 13.01(e). Accordingly, we will examine only
the propriety of dismissal pursuant to the 180-day period.

3. Fields expressly made his motion under section 13.01(f). He did not mention or allege facts
consistent with section 13.01(g). See former art. 4590i, § 13.01(g). 

4. Fields's brief mentions the Sixth Amendment to the United States Constitution, but that
provision, by its terms, applies only to criminal cases. U.S. Const. Amend. VI.

5. We evaluate this right under the Texas Constitution because it affords greater due process
protection than the United States Constitution. See Sax v. Votteler, 648 S.W.2d 661, 666 (Tex.
1983). 

6. See Richards v. League of United Latin Am. Citizens, 868 S.W.2d 306, 314 (Tex. 1993)
(fundamental rights include rights to travel, to vote, to marry, to personal privacy); Frontiero v.
Richardson, 411 U.S. 677, 688 (1973) (suspect classes include those based on gender, race,
alienage, and national origin).