**Robert THORSON, Appellant,**

v.

**ROSEWOOD GENERAL HOSPITAL et al., Appellees.**

**No. A2400.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Oct. 22, 1980.

Rayburn P. Putney, Houston, for appellant.

Malcolm Williams, Jack R. Martin, Martin & Sperry, Frank B. Stahl, Larry D. Thompson, Lorance, Thompson & Wittig, Houston, for appellees.

Before J. CURTISS BROWN, C. J., and PRESSLER and JUNELL, JJ.

J. CURTISS BROWN, Chief Justice.

Robert Thorson (appellant or Thorson) sued Rosewood General Hospital (Rosewood or appellee) and W. S. Kafoglis, M.D. for personal injuries sustained. Dr. Kafoglis was non-suited at the end of the plaintiff's

case. Trial was to a jury which found, in answer to the special issues submitted, that Rosewood had failed to properly restrain Thorson in his hospital bed, which failure was a proximate cause of the incident in question and also that Thorson or his wife let the bed rail down, which conduct was negligence and a proximate cause of the incident in question. Negligence was apportioned as follows: Robert Thorson 25%; Geraldine Thorson 25%; Rosewood General Hospital 50%. Damages totaling $215,640.00 were found by the jury. Rosewood filed a motion to disregard the jury's answers to special issues and for judgment notwithstanding the verdict, which the trial court granted. Thorson appeals from the take nothing judgment entered against him.

Thorson was recovering from back surgery in Rosewood General Hospital on January 14, 1974. At 10:10 p. m. he was found on the floor of his room screaming, whereupon he stated that he had fallen out of bed. According to the nurses' notes concerning the incident, the bed rails were down on the left side of the bed. These notes and other evidence in the record support the inference that the failure of rail to be in an "up" position was a proximate cause of Mr. Thorson's fall.

 Appellant's first point of error complains of the judgment n. o. v. entered in favor of Rosewood on the ground that there was evidence of probative force to support the jury's findings. In reviewing a judgment n. o. v., we must view all of the evidence supporting the jury verdict, while indulging every reasonable inference from that evidence. Only evidence and inferences which support the jury verdict are to be considered, and all contrary evidence and inferences are to be disregarded. *Dodd v. Texas Farm Products Co.*, 576 S.W.2d 812, 814–15 (Tex.Sup. 1979). Thus, to uphold the trial court's granting of a judgment n. o. v. in favor of Rosewood, we must find that there was no evidence to support the jury's findings with regard to Rosewood's failure to properly restrain appellant.

Rosewood's own bed rail policy, which was introduced into evidence, provided the standard in this case. This policy declares that the bed rails are to be in the up position for certain patients, such as post-operative patients and heavily sedated patients. We find that appellant fit within the parameters of that policy. However, after a thorough review of the record, we have found no evidence whatever that Rosewood breached the standard. There is no evidence showing that only hospital personnel were in the area of appellant's room after Mrs. Thorson left at 9:30 p. m., nor evidence that any hospital personnel went into appellant's room between 9:30 and 10:10 p. m. There was no evidence that the bed rail was down for such a long period of time as to put the hospital on notice to put it up again. Neither have we found any inferences from other evidence which would lead to these conclusions.

Thus, appellant did not meet his burden of proof on the issue of appellee's negligence. Therefore, a directed verdict would have been proper and the judgment n. o. v. is also proper, Tex.R.Civ.P. 301. Appellant's first point of error is overruled.

Appellant's points of error two through eight all deal with damages. Since we have found the judgment n. o. v. that appellant take nothing to have been proper, we need not reach these damages issues.

The judgment of the trial court is affirmed.