Alzada HECTOR, Appellant,

v.

CHRISTUS HEALTH GULF COAST d/b/a Christus St. Joseph Hospital and Canaan L. Harris, M.D., Appellees.

No. 14–04–00625–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 18, 2005.

Robert A. McAllister, Houston, for appellant.

Matthew Brendan E. Hughes, T. Marc Calvert, Houston, for appellees.

Panel consists of Chief Justice HEDGES and Justices FOWLER and FROST.

## OPINION

ADELE HEDGES, Chief Justice.

Appellant, Alzada Hector, was injured when she fell from an operating table during surgery to remove cancer from her ear. Ms. Hector brought suit against the hospital and the surgeon. The trial court dismissed Ms. Hector's case against each defendant for her failure to provide an expert report as required by the Texas Medical Liability and Insurance Improvement Act.[1] Ms. Hector brings this appeal, claiming that the trial court abused its discretion in dismissing her suit. We affirm.

### BACKGROUND

Ms. Hector underwent surgery at St. Joseph's Hospital ("St.Joseph's") in June of 2001 to remove a cancerous tumor from

---

1. Act of May 30, 1977, 65th Leg., R.S., ch. 817, 1977 Tex. Gen. Laws 2039, 2039–64 (formerly codified at Tex.Rev.Civ. Stat. Ann. art. 4590i, §§ 1.01–16.02), *repealed and recodified as amended by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 864, 884. Many of the provisions of former article 4590i have been recodified in the Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem.Code Ann. §§ 74.001–74.507 (Vernon Supp.2004–2005). However, a medical malpractice suit that was filed before September 1, 2003, such as the present case, is "governed by the law in effect immediately before" the changes in the law that were made by the Legislature. Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 23.02(d), 2003 Tex. Gen. Laws 864, 899.

her left ear. At the time, she was 71 years old. During the surgery, while appellant was under general anesthesia, she was rotated so that the physician, Dr. Canaan Harris ("Harris"), could better examine her. While she was being rotated, Ms. Hector fell off the table, suffering a cut to her right brow area that necessitated eight stitches. The operation was completed and Ms. Hector recovered from the surgery. Tests performed subsequent to the surgery showed no neurological or spinal damage resulting from her fall from the table.

Ms. Hector filed suit against Harris and St. Joseph's on October 24, 2002, but did not file an expert report within 180 days as required by section 13.01(d)(1) of former Texas Revised Civil Statutes article 4590i, also known as the Texas Medical Liability and Insurance Improvement Act ("4590i").[2] Pursuant to section 13.01(e)(3) of 4590i, the trial court dismissed her claims against Dr. Harris on October 14, 2003, and her claims against St. Joseph's on April 16, 2004.[3] Ms. Hector brings this appeal, claiming that an expert report was not necessary.

### Whether 4590i Applies

■ In her first issue, Ms. Hector claims that 4590i does not apply to her case because her case is one of ordinary negligence (as opposed to medical malpractice); therefore, an expert report was not necessary. As a result, she asserts, the trial court abused its discretion in dismissing her claim for her failure to file a 4590i-required expert report. We disagree.

■ We review a dismissal under 4590i under an abuse of discretion standard; however, to the extent the resolution of this issue requires interpretation of the statute, we review under a de novo standard. *See Buck v. Blum*, 130 S.W.3d 285, 290 (Tex.App.-Houston [14th Dist.] 2004, no pet.). Section 1.03 of 4590i defines "health care liability claim" as follows:

"Health care liability claim" means a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care or health care or safety which proximately results in injury to or death of the patient, whether the patient's claim or cause of action sounds in tort or contract.[4]

In determining whether a particular case presents a health care liability claim, we must examine the underlying nature of the allegations; in doing so, we are not bound by the party's characterization of the claims. *Buck*, 130 S.W.3d at 290–91. A cause of action will generally be considered a health care liability claim if it is based on a breach of a standard of care applicable to health care providers. *Id.* The complained-of act or omission must have been an inseparable part of the rendition of medical services. *Id.*

Here, it is abundantly clear that 4590i applies to Ms. Hector's claims. Her claims against St. Joseph's, a health care provider, and Harris, a physician, were based on their alleged departure from accepted

---

2. Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 1, 1995 Tex. Gen. Laws 985, 985–87 (adding expert report requirement, at former Tex. Rev.Civ. Stat. art. 4590i, § 13.01(d)), *repealed and recodified as amended by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, §§ 10.01, 10.09, and 23.02(a), (d), 2003 Tex. Gen. Laws 847, 864, 884, 898–99 ("House Bill 4") (current version at Tex. Civ. Prac. & Rem.Code § 74.351 ("Expert Report").

3. *Id.*

4. Act of May 30, 1977, 65th Leg., R.S., ch. 817, 1977 Tex. Gen. Laws 2039, 2041 (repealed 2003).

standards of safety, i.e., not letting a patient fall from an operating table. These alleged departures proximately resulted in Hector's alleged injury.

Hector urges that, since the operating table was under the control of hospital employees that were non-medical providers, the alleged act of negligence concerns "administrative, ministerial, or routine care"; therefore, 4590i should not apply to her claim.

In *Cobb v. Dallas Fort Worth Medical Center*, the wrong-sized screws were used in a patient's back. 48 S.W.3d 820 (Tex. App.-Waco 2001, no pet.). In reviewing the court's granting of summary judgment against the Cobbs, the majority did not address whether her claim fell within 4590i. However, in his concurring opinion, Judge Vance drew a distinction between hospital workers that were health care providers, such as nurses and doctors, and hospital workers that were not, such as cooks or electricians. *Id.* at 829–30 (Vance, J. concurring). While we agree with Judge Vance's distinction, we find it unpersuasive here since any person in the operating room at the time of Hector's accident would necessarily have been considered a health care provider. *See id.* The other cases Ms. Hector cites for support are equally unpersuasive in that, in those cases, whether medical liability claims fell under 4590i was not at issue. *See Tenet Health Ltd. v. Zamora*, 13 S.W.3d 464 (Tex.App.-Corpus Christi 2000, pet. dism'd w.o.j.) (doctor sued hospital over privileges); *Mills v. Angel*, 995 S.W.2d 262 (Tex.App.-Texarkana 1999, no pet.) (parents sued hospital over credentialing and use of equipment); *Baptist Memorial v. Marrable*, 244 S.W.2d 567 (Tex. Civ.App.-San Antonio 1951, no writ) (case

pre-dates 4590i); *Medical & Surgical Memorial Hospital v. Cauthorn*, 229 S.W.2d 932 (Tex.App.-El Paso 1949, writ ref'd n.r.e.) (case pre-dates 4590i).

We find that Ms. Hector's case falls squarely within the ambit of 4590i; an expert report was therefore necessary. Her first issue is overruled.

### Res Ipsa Loquitur

In her second issue, Ms. Hector claims that even if 4590i governs her case, the doctrine of *res ipsa loquitur* applies, thus obviating the need for an expert report under 4590i. We find that *res ipsa loquitur* does not apply to her claim.

Section 13.01 of 4590i requires as follows:

(d) Not later than the later of the 180th day after the date on which a health care liability claim is filed or the last day of any extended period established under Subsection (f) or (h) of this section, the claimant shall, for each physician or health care provider against whom a claim is asserted:

(1) furnish to counsel for each physician or health care provider one or more expert reports, with a curriculum vitae of each expert listed in the report; or

(2) voluntarily nonsuit the action against the physician or health care provider.[5]

Section 13.01(j) of the act goes on to state that an expert report is not required for any issue other than an issue related to liability or causation.[6]

Upon a showing of good cause by motion and a hearing by the plaintiff, the trial court may grant one thirty-day extension

---

**5.** Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 1, 1995 Tex. Gen. Laws 985, 986 (repealed 2003).

**6.** *Id.*

of the report-filing deadline.[7] Should a plaintiff fail to comply with 13.01(d), however, 4590i mandates that the trial court shall award as sanctions, *inter alia,* the defendant's reasonable attorney's fees and the dismissal of the plaintiff's suit with prejudice.[8] We review a trial court's dismissal under section 13.01 under an abuse of discretion standard. *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios,* 46 S.W.3d 873, 877 (Tex.2001).

 The doctrine of *res ipsa loquitur,* literally "the thing speaks for itself," applies in certain cases in which the circumstances surrounding an accident constitute sufficient evidence of the defendant's negligence to support such a finding. *Haddock v. Arnspiger,* 793 S.W.2d 948, 950 (Tex. 1990). The doctrine is applicable only when: (1) the character of the accident is such that it would not ordinarily occur in the absence of negligence; and (2) the instrumentality causing the injury is shown to have been under the management and control of the defendant. *Id.* The rule is not a cause of action separate and apart from negligence; instead, it is an evidentiary rule by which negligence may be inferred by a jury. *Id.*

Section 7.01 of 4590i, enacted in August of 1977, restricts the use of res ipsa loquitur as follows:

The common-law doctrine of res ipsa loquitur shall only apply to health care liability claims against health care providers or physicians in those cases to which it has been applied by the appellate courts of this state as of the effective date of this subchapter.[9]

In *Haddock,* the supreme court noted that *res ipsa loquitur* was generally inapplicable in medical malpractice cases, but gave

examples of the cases in which *res ipsa loquitur* had been applied because "the nature of the alleged malpractice and injuries are plainly within the common knowledge of laymen, requiring no expert testimony." 793 S.W.2d at 951. These three general categories listed by the Haddock court include "negligence in the use of mechanical instruments, operating on the wrong portion of the body, or leaving surgical instruments or sponges within the body." *Id.*

We must first decide whether the doctrine of *res ipsa loquitur* applies; we find that it does not. While it is a given that a patient should not fall from an operating table during surgery, how an operating table works, the method of securing a patient to an operating table, or the procedures for rotating a patient during surgery are not necessarily within the common knowledge of laymen. *See id.* Appellant cannot therefore show that the character of the accident is such that it would not ordinarily occur in the absence of negligence.

 Even if *res ipsa loquitur* did apply, Ms. Hector would still have to show that it fell within one of the pre–1977 categories of cases. *See id.,* 793 S.W.2d at 951. Ms. Hector contends that her case falls within the "mechanical instruments" category. No Texas court has previously considered whether an operating table can be considered a mechanical instrument; in fact, Ms. Hector recognizes that the "closest case" to the facts of the present case are those in which a patient fell out of a hospital bed. *See Thorson v. Rosewood Gen. Hosp.,* 608 S.W.2d 282 (Tex.App.-Houston [14th Dist.] 1980, writ ref'd n.r.e.)

7. *Id.*

8. *Id.*

9. Act of May 30, 1977, 65th Leg., R.S., ch. 817, 1977 Tex. Gen. Laws 2039, 2050 (repealed 2003).

(finding that hospital did not breach its standard of care and appellant was therefore unable to prove appellee's negligence); *Hilzendager v. Methodist Hosp.*, 596 S.W.2d 284 (Tex.Civ.App.-Houston [1st Dist.] 1980, no writ) (holding that plaintiff did not raise a fact issue as to whether hospital was negligent in failing to raise bed rails). *Thorson* and *Hilzendager*, however, did not address the issue of *res ipsa loquitur* as applied to 4590i cases. They are therefore unhelpful to Ms. Hector's case.

Ms. Hector also cites *Martin v. Petta* in support of her contention that an operating table is a mechanical instrument. 694 S.W.2d 233, 239–40 (Tex.App.-Fort Worth 1985, writ ref'd n.r.e.). The plaintiff in *Martin v. Petta* received a broken toe while in the hospital for hemorrhoid surgery. *Id.* at 234. The court never reached a decision on whether an operating table could be an instrument; [10] furthermore, the opinion, which reviewed the trial court's granting of summary judgment, addressed the doctrine of *res ipsa loquitur* in the context of whether a genuine issue of material fact had been raised. *Id.* at 240. We find this case unhelpful to Ms. Hector's claim as well.

In the alternative, Ms. Hector claims that because she was injured on a part of her body not under treatment, her case falls within the "operating on a wrong part of the body" exception under 4590i and *res ipsa loquitur* should apply. We find that this argument fails as well—the wrong part of Ms. Hector's body was not operated on; the correct part of her body (her ear) was operated on as planned.

See, e.g., *Manax v. Ballew*, 797 S.W.2d 71, 72 (Tex.App.-Waco 1990, writ denied).

Furthermore, even if the doctrine of *res ipsa loquitur* did apply to Ms. Hector's claim, she would still be required to file an expert report under 4590i; we do not interpret section 7.01 of 4590i as an *exception* to the expert report requirement of section 13.01. In a recent decision, the Texas Supreme Court noted that

> It must also be borne in mind that article 4590i's expert report requirement *establishes a threshold over which a claimant must proceed to continue a lawsuit. It does not establish a requirement for recovery.* It may be that once discovery is complete and the case is tried, there is no need for expert testimony.... But the Legislature envisioned that discovery and the ultimate determination of what issues are submitted to the factfinder should not go forward unless at least one expert has examined the case and opined as to the applicable standard of care, that it was breached, and that there is a causal relationship between the failure to meet the standard of care and the injury, harm, or damages claimed.

*Murphy v. Russell*, 48 Tex. Sup.Ct. J. 943, 944, 2005 WL 1537244 at *2 (Tex. July 1, 2005) (per curiam) (emphasis added). Although the opinion in *Murphy* does not address *res ipsa loquitur* specifically, we do find it pertinent to the case at bar as it draws a distinction between an expert report at the onset of litigation and the need for expert testimony at trial. We do not opine whether there is a conceivable case in which *res ipsa loquitur* might preclude the need for expert testimony to prove

---

**10.** The opinion in *Martin* cited the plaintiff's pleading, in which she alleged that the defendants "were in complete control ... of all mechanical devices, including beds, *operating tables*, carts, and rooms." *Id.* at 240 (emphasis added). The appellant plaintiff in Martin did not notice that her toe had been broken until the morning after her surgery; an operating table was thus not directly involved, as it was here.

various elements of negligence at the trial stage. We do not believe, however, that the Legislature intended for it to eliminate the procedural requirement of an expert report at the commencement of litigation.

Other courts, including this one, have noted that even if *res ipsa loquitur* does apply to a certain case, an expert report or some form of expert testimony is still required. *See Ruiz v. Walgreen Co.,* 79 S.W.3d 235, 239–40 (Tex.App.-Houston [14th Dist.] 2002, no pet.); *Traut v. Beaty,* 75 S.W.3d 661, 667–68 (Tex.App.-Texarkana 2002, no pet.); *Steinkamp v. Caremark,* 3 S.W.3d 191, 199 (Tex.App.-El Paso 1999, pet. denied) ("causation in a medical negligence case must be proved by expert testimony"); *Kalteyer v. Sneed,* 837 S.W.2d 848, 853 (Tex.App.-Austin 1992, no writ); *see also Garcia v. Palestine Mem'l Hosp.,* No. 14–00–01144–CV, 2002 WL 192359, at *2 (Tex.App.-Houston [14th Dist.] February 7, 2002) (not designated for publication); *Simmons v. Williams,* No. 14–99–00494–CV, 2000 WL 1862858, at *2 (Tex.App.-Houston [14th Dist.] December 21, 2000) (not designated for publication).

Because we find that an expert report was required under 4590i, the trial judge did not abuse his discretion in dismissing Ms. Hector's claim. Ms. Hector's second issue is overruled.

We affirm the judgment of the trial court.