MEMORANDUM OPINION

No. 04-05-00362-CV

Samuel VICK, M.D.,
Appellant

v.

Louis RANGEL,
Appellee

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2004-CI-16402
Honorable Martha Tanner, Judge Presiding
 
Opinion by:    Catherine Stone, Justice
 
Sitting:            Catherine Stone, Justice
Karen Angelini, Justice
Sandee Bryan Marion, Justice
 
Delivered and Filed:   October 5, 2005
 
REVERSED AND REMANDED
            This is an accelerated appeal of a trial court’s order denying the relief sought by a motion
under Section 74.351(b) of the Texas Civil Practice and Remedies Code. Although the trial court
initially granted the motion to dismiss filed by Samuel Vick, M.D., the trial court subsequently
vacated that order, thereby effectively denying the relief sought by Vick in his motion. On appeal,
Vick contends that the trial court abused its discretion in denying his motion because Louis Rangel
failed to file a timely expert report.



            Under section 74.351, a claimant must, not later than the 120th day after the date a health
care liability claim is filed, serve on each party one or more expert reports. Tex. Civ. Prac. & Rem.
Code Ann. § 74.351(a) (Vernon 2005). Acknowledging that his expert report was not filed within
the 120 day period, Rangel presented the trial court with three reasons his claim against Vick should
not be dismissed. 
            First, Rangel asserted that the deadline for filing the expert report should be extended because
Vick delayed in filing his answer well beyond its due date. The statute, however, does not contain
any exception to the deadline based on a defendant’s delay in filing an answer or making an
appearance. Although such a delay may indeed affect a plaintiff’s ability to obtain an expert report
prior to the deadline, crafting an exception to the 120 day deadline is within the province of the
Legislature, not this court.
            Next, Rangel asserted that the deadline for filing the report was extended by his Rule 11
agreement with another defendant. Although section 74.351(a) does allow the deadline to be
extended by written agreement of the affected parties, the term “affected parties” means “the
claimant and the physician or health care provider who are directly affected by an act or agreement
required or permitted by [section 74.351] and does not include other parties to an action who are not
directly affected by that particular act or agreement.” Tex. Civ. Prac. & Rem. Code Ann.
§ 74.351(r)(1) (Vernon 2005); see also Tibbetts v. Gagliardi, 2 S.W.3d 659 (Tex. App.—Houston
[14th Dist.] 1999, pet. denied) (dismissing claims against two defendants who were not parties to
Rule 11 agreement extending expert report deadline). Because Vick was not a party to the Rule 11
agreement, he was not directly affected by it, and, therefore, the deadline with regard to Vick was
not extended by the agreement.
            Finally, Rangel contends that no expert report was required because he raised a claim for res
ipsa loquitur. Assuming, without deciding, that Rangel properly pled a claim based on res ipsa
loquitur and that the alleged facts supported such a claim, res ipsa loquitur is not a cause of action
separate and apart from negligence; instead, it is an evidentiary rule by which negligence may be
inferred by a jury. Haddock v. Arnspiger, 793 S.W.2d 948, 950 (Tex. 1990); Hector v. Christus
Health Gulf Coast, No. 14-04-00625-CV, 2005 WL 1981303, at *3 (Tex. App.—Houston [14th
Dist.] Aug. 18, 2005, no pet. h.). An expert report would still be required with regard to the
causation element of a res ipsa loquitur claim. See Hector, 2005 WL 1981303, at *4-5; Ruiz v.
Walgreen Co., 79 S.W.3d 235, 239-40 (Tex. App.—Houston [14th Dist.] 2002, no pet.); Tex. Civ.
Prac. & Rem. Code Ann. § 74.351(j) (Vernon 2005) (noting expert report must cover issues
relating to liability and causation).
            Because Rangel failed to meet the deadline set forth in section 74.351(a), the trial court
abused its discretion in vacating its earlier order granting Vick’s motion to dismiss. Accordingly,
we reverse the trial court’s order and remand the cause with instructions to the trial court to award
Vick his reasonable attorney’s fees and costs of court and to render judgment dismissing Rangel’s
claims against Vick with prejudice. See Tex. Civ. Prac. & Rem. Code Ann. 74.351(b) (Vernon
2005) (setting forth contents of order to be entered by trial court if expert report is untimely).
 
Catherine Stone, Justice