IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00324-CV

 

Melvie T. Belcher,

                                                                      Appellant

 v.

 

Scott & White Clinic, Waco, Texas and  an Unknown
Nursing Staff of this Entity,

                                                                      Appellee

 

 

 



From the 19th District Court

McLennan County, Texas

Trial Court No. 2004-2605

 



MEMORANDUM  Opinion



 








      In this medical malpractice case,
Appellant Melvie Belcher
seeks to recover from Appellee Scott & White Clinic for personal injuries
she received while in their care.  The trial court dismissed her claims under Texas
Civil Practice and Remedies Code section 74.351.  Belcher brings this appeal
asserting the trial court erred in dismissing her claims due to an inadequate
expert report.  




Background

Belcher visited the Scott
& White Clinic in Waco for a scheduled appointment.  An unidentified nurse
lifted Belcher from her wheelchair to weigh her.  In the process, Belcher’s leg
caught on the wheelchair and broke.  Belcher filed suit against Scott &
White and, although she claims that the Texas Medical Liability Act does not
apply in this case, she timely filed the expert report of Charles J. Koltz, Jr. 
Koltz is a registered nurse and an attorney with a Ph.D. in hospital
administration and a master’s degree in health care administration.  Scott
& White filed a motion to dismiss which asserted that Koltz failed to
qualify as an expert and failed to set forth the applicable standard of care,
breach, and causal nexus between the breach and injury.  The trial court
granted the motion to dismiss.

Was Belcher Required to File an Expert Report?

      Belcher argues that she was not
required to file an expert report because the manner in which she was harmed
and the resulting injury were within the common knowledge of laymen and,
therefore, expert testimony was not necessary.  With this argument, Belcher
invokes the doctrine of res ipsa loquitur.

      Res ipsa loquitur, meaning “the thing speaks for itself,”
is used in certain limited types of cases when the circumstances surrounding
the accident constitute sufficient evidence of the defendant’s negligence to
support such a finding.  Haddock v. Arnspiger, 793 S.W.2d 948, 950 (Tex. 1990).  This doctrine is applicable when two factors are present:  (1) the character
of the accident is such that it would not ordinarily occur in the absence of
negligence; and (2) the instrumentality causing the injury is shown to have
been under the management and control of the defendant.  Id. (citing
Mobil Chem. Co. v. Bell, 517 S.W.2d 245, 251 (Tex. 1974)).  

For health care liability
claims, res ipsa loquitur only
applies in cases in which it has been applied by Texas appellate courts as of
August 29, 1977.  Tex. Civ. Prac. & Rem. Code Ann. § 74.201 (Vernon 2005).  Generally, Texas courts recognize that res ipsa loquitur is inapplicable to medical malpractice
cases.  Haddock, 793 S.W.2d at 951.  An exception is recognized when the
nature of the alleged malpractice and injuries are plainly within the common
knowledge of laymen.  Id.  The three categories of medical
malpractice cases in which the doctrine has been applied are:  (1) negligence
in the use of mechanical instruments, (2) operating on the wrong portion of the
body, and (3) leaving surgical instruments or sponges within the body.  Id.  

The only category in which
Belcher’s case could possibly fit is the medical-instruments category.  Belcher
presents no authority to suggest that a wheel chair is considered a medical
instrument or that the procedures for moving patients from a wheel chair are
within the common knowledge of lay people.  Accordingly, we find that the doctrine
of res ipsa loquitur does not apply to her case and Belcher was required
to file an expert report.[1]

Was Belcher’s Expert Report Adequate?

An expert report is defined
as “a written report by an expert that provides a fair summary of the expert’s
opinions as of the date of the report regarding applicable standards of care,
the manner in which the care rendered by the physician or health care provider
failed to meet the standards, and the causal relationship between that failure
and the injury, harm, or damages claimed.”  Tex. Civ. Prac. & Rem. Code
Ann. § 74.351(r)(6) (Vernon Supp. 2005).  If a physician or health care provider files a motion
challenging the adequacy of an expert report, the trial court must grant the
motion “only if it appears to the court, after hearing, that the report does
not represent an objective good faith effort to comply with the definition of
an expert report in Subsection (r)(6).”  Id. § 74.351(l).  To constitute
a good-faith effort, the report must include each of the statutory elements as
to each defendant: (1) standard of care; (2) breach of the standard of care;
and (3) causation.  Id. § 74.351(r)(6); see also Chandler v. Singh,
129 S.W.3d 184, 188 (Tex. App.—Texarkana 2004, no pet. h.).  A plaintiff may satisfy these requirements
“by serving reports of separate experts regarding different physicians or
health care providers or regarding different issues arising from the conduct of
a physician or health care provider, such as issues of liability and
causation.”  Id. § 74.351(i).
 However, a nurse is not qualified to render an expert opinion regarding
causation.  Id. § 74.403(a) (Vernon 2005).

We review a trial court’s
decision regarding the adequacy of an expert report by an abuse-of-discretion
standard.  Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios, 46
S.W.3d 873, 877 (Tex. 2001).  In determining whether the report represented a
good-faith effort, the trial court’s inquiry is limited to the four corners of
the report.  Id. at 878.

      Belcher filed one expert report,
the report of Koltz, a registered nurse.  As Scott & White qualifies as a
“health care provider” within the meaning of the statute, Koltz was not
qualified to offer expert testimony of causation in this case.  Therefore,
Belcher’s report was inadequate and the trial court properly dismissed the
case.  We overrule Belcher’s first issue.

Motion for New Trial

      Belcher complains of the trial
court’s denial of her motion for new trial.  She argues that the trial court
erred in not correcting its failure to properly construe the expert report as a
good faith effort to comply with the statute, to properly apply admissibility
standards to the expert report, and to lend proper treatment to her other
claims such as assault and battery.[2] 
A motion for
new trial is addressed to the trial court's discretion and the court's ruling
will not be disturbed on appeal in the absence of a showing of an abuse of
discretion.  Director, State Emp. Wrks.’ Comp. v.
Evans, 889 S.W.2d 266,
268 (Tex. 1994).  Having found that the trial court did not err in dismissing
Belcher’s claims due to an inadequate expert report, we find that the trial
court did not abuse its discretion in denying her motion for new trial.  We
overrule Belcher’s second issue.

Attorney Fees

      The
trial court did not award attorney’s fees to Scott & White.  Therefore,
Belcher’s third issue presents nothing for review.

Conclusion

Having overruled Belcher’s three issues, we affirm the judgment.

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion
delivered and filed July 26, 2006

[CV06]









[1]
Even if res ipsa loquitur is applicable, an expert report or some form
of expert testimony is still required.  Hector v. Christus Health Gulf Coast, 175 S.W.3d 832, 839 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).





[2]
A “health care
liability claim” is defined as a cause of action against a health care provider
… for treatment, lack of treatment, or other claimed departure from accepted
standards of medical care, or health care, or safety … which proximately
results in injury to … a claimant …. Tex. Civ. Prac. &
Rem. Code Ann. § 74.001(a)(13).  Belcher’s claims for assault and
battery constitute health care liability claims and do not require separate
treatment.