COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-222-CV

 

 

JAMES ARENETT ROUGHLEY                                                APPELLANT

 

                                                   V.

 

TEXAS TECH UNIVERSITY                                                       APPELLEE

HEALTH
SCIENCES CENTER

                                              ------------

 

          FROM
COUNTY COURT AT LAW NO. 2 OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

This is an appeal from a
dismissal for failure to file an expert report in a medical negligence
case.  We affirm.








Appellant James Arenett
Roughley is incarcerated.  He sued
appellee Texas Tech University Health Sciences Center (ATTUHSC@) in 2006,
alleging that a physician=s assistant
employed by TTUHSC failed to provide adequate medical treatment of Roughley=s chronic dermatitis, which Roughley claims was aggravated by exposure
to cleaning solutions.  Roughley
specifically claimed that the TTUHSC employee prescribed ineffective
medication, failed to refer Roughley to a dermatologist, and failed to
medically restrict Roughley from working with certain cleaning solutions. 

In February 2008, TTUHSC
filed a motion to dismiss based on Roughley=s failure to timely serve an expert report as required by section
74.351 of the civil practice and remedies code.[2]  Roughley argued in response that the causal
connection between his injuries and chemical exposure is within the common
knowledge of the average lay person and, therefore, he did not need to file an
expert report.[3]  The trial court granted the motion to
dismiss, and this appeal followed. 








We review a district court=s ruling on a motion to dismiss under section 74.351 for an abuse of
discretion.[4]  A trial court abuses its discretion when it
acts in an arbitrary or unreasonable manner or without reference to any guiding
rules or principles.[5]  A trial court does not abuse its discretion
simply because it may decide a matter within its discretion differently than an
appellate court.[6]

Chapter 74 of the Texas Civil
Practice and Remedies Code governs the adjudication of health care liability
claims in Texas.  Section 74.351(a)
requires plaintiffs who bring health care liability claims to submit an expert
report within 120 days of filing suit.[7]  An expert report is defined as Aa written report by an expert that provides a fair summary of the
expert=s opinions . . . regarding applicable standards of care, the manner in
which the care rendered . . . failed to meet the standards, and the causal
relationship between that failure and the injury, harm, or damages claimed.@[8]

In his first issue, Roughley
argues that he should be excused from the requirement that he file an expert
report because, he contends, the causal connection between his injuries and
TTUHSC=s alleged negligence is within the common knowledge of the lay
person.  We disagree.








Generally, the issues of
medical negligence and causation require expert testimony.[9]  With regard to Roughley=s claim that TTUHSC failed to refer him to a dermatologist or to
prescribe proper medication, such matters clearly are not within the common
knowledge of the lay person.[10]  The average person does not prescribe
medication or make medical referrals of the type Roughley claims.








Roughley=s Acommon
knowledge@ argument is
primarily focused on his contention that TTUHSC negligently failed to medically
restrict his exposure to certain cleaning solutions.  Roughley notes that the packaging for the
solutions contained warning labels, which would alert a lay person to the
dangers involved in using those chemicals. 
The relevant inquiry, however, in this medical negligence case is not
whether a lay person would know that the cleaning solutions contain dangerous
chemicals.  The relevant inquiry is whether
it was medically necessary to order a person with a certain type of skin
condition to avoid certain cleaning solutions.[11]  This is not a matter within the common
knowledge of the lay person.[12]

Roughley was, therefore,
required to provide an expert report with regard to this claim.[13]  His failure to do so means that the trial
court did not abuse its discretion in dismissing his action.[14]  We overrule Roughley=s first issue.








In his second issue, Roughley
contests the trial court=s denial of
his requests for a temporary restraining order and a Apreliminary prohibitory injunction,@ by which Roughley sought relief from work detail involving certain
cleaning solutions, relief from allegedly negligent medical care, and expert
medical treatment from an outside source. 
However, Roughley failed to include in the record any pleadings in which
he made such requests or any document showing the trial court=s ruling on the requests. 
Roughley attached some pleadings on this issue to his brief, but we may
not consider matters that are not part of the appellate record.[15]  Because the record is devoid of any matters
showing a request and a ruling, there is nothing for us to review, and we,
therefore, overrule Roughley=s second issue.[16]

For the foregoing reasons, we
affirm the trial court=s dismissal
order.

 

PER CURIAM       

PANEL:  CAYCE, C.J.; LIVINGSTON and GARDNER, JJ.

 

DELIVERED:  January 22, 2009                             











[1]See Tex.
R. App. P. 47.4.





[2]See Tex.
Civ. Prac. & Rem. Code Ann. 74.351(a) (Vernon Supp. 2008).





[3]See,
e.g., Shelton v. Sargent, 144 S.W.3d 113, 120 (Tex. App.CFort
Worth 2004, pet. denied) (noting that plaintiff may rely on res ipsa
loquitur in medical malpractice case where Athe
nature of the alleged malpractice is plainly within the common knowledge of
laymen, making expert testimony unnecessary@).





[4]See
Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios, 46
S.W.3d 873, 877B78
(Tex. 2001).





[5]See
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241B42
(Tex. 1985).





[6]See
id. at 242.





[7]See Tex.
Civ. Prac. & Rem. Code Ann. ' 74.351(a).





[8]See
id. '
74.351(r)(6).





[9]See
Shelton, 144 S.W.3d at 120.





[10]See,
e.g., Ruiz v. Walgreen Co., 79 S.W.3d 235, 239B40
(Tex. App.CHouston
[14th Dist.] 2002, no pet.) (holding expert testimony needed in case where
plaintiff alleged pharmacist substituted different medication than was
prescribed; causal connection between alleged negligence and injury not within
common knowledge of lay person).





[11]See
Shelton, 144 S.W.3d at 121 (stating that relevant inquiry in case where
plaintiff bases medical negligence claim on Asuspicious sites@ on
mammogram is Awhether
the proper performance of cancer‑diagnosing procedures is within the
common knowledge of a layperson@).





[12]See
id. (AMedical
decisions about performing and interpreting mammograms, sonograms, biopsies,
and other diagnostic procedures require professional training and are not
common knowledge.@).





[13]See
Garcia v. Marichalar, 198 S.W.3d 250, 255B57
(Tex. App.CSan
Antonio 2006, no pet.) (holding expert report required when sponge left in
patient=s
body); Hector v. Christus Health Gulf Coast, 175 S.W.3d 832, 837B38
(Tex. App.CHouston
[14th Dist.] 2005, pet. denied) (holding expert report required when patient
fell from operating table while health care providers were rotating it).





[14]In
both Garcia and Hector, the courts concluded that the plaintiff
was required to timely serve an expert report even if the causal relationship
between the alleged negligence and the injury is within the common knowledge of
the lay person.  Garcia, 198
S.W.3d at 255B56; Hector,
175 S.W.3d at 837B38; see
also Haddad v. Marroquin, Nos. 13-07-00014-CV, 13-07-00109-CV, 2007 WL
2429183, at *4 (Tex. App.CCorpus
Christi Aug. 29, 2007, pet. denied). 
Because we hold that Roughley=s claims are not within the
common knowledge of the average lay person, we do not reach this issue.





[15]See Fox
v. Wardy, 234 S.W.3d 30, 33 (Tex. App.CEl Paso 2007, pet. dism=d
w.o.j.); Ngyuen v. Intertex, Inc., 93 S.W.3d 288, 292B93
(Tex. App.CHouston
[14th Dist.] 2002, no pet.).





[16]See
Carter v. Carter, 225 S.W.3d 649, 651 (Tex. App.CEl
Paso 2006, no pet.) (declaring that appellate court must affirm trial court
judgment because, A[i]n
the absence of a reporters record, we are simply unable to review the merits of
Appellant[>]s
complaint@).