

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00089-CV

MELVIN C. WELCH, JR., Appellant

V.

CHRISTUS GOOD SHEPHERD MEDICAL CENTER-MARSHALL, DONNA ALZAGA,
M.D., AND ANDREW DICKHUTE, M.D., Appellees

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 18-1376

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

In 2017, Melvin C. Welch, Jr., presented to Christus Good Shepherd Medical Center-Marshall's (Good Shepherd's) emergency room and, contrary to his existing medical records at Good Shepherd indicating that he was allergic to Levaquin, was administered that drug. Welch filed this suit for medical negligence against Good Shepherd and two of his treating physicians, Donna Alzaga, M.D., and Andrew Dickhute, M.D.[1] In this appeal, Welch challenges the dismissal of his claims against Good Shepherd, a ruling made by the trial court with prejudice because of a deficient expert report. Welch asserts that the trial court erred in dismissing his claims because his timely expert report conformed to the statutory requirements, the issue of whether the expert report conformed to the statutory requirements was barred by *res judicata*, and the doctrine of *res ipsa loquitur* obviated the need to submit an expert report. Welch challenges the amount of attorney fees awarded to Good Shepherd. We affirm the trial court's dismissal of Welch's claims because (1) Welch's expert report did not meet statutory requirements, (2) *res judicata* was not applicable, and (3) an expert report was required even if *res ipsa loquitur* were to apply. However, because (4) insufficient evidence supports the award of attorney fees, we reverse the trial court's judgment as to the attorney fees award and remand the case for a redetermination of attorney fees.

*(1)     Welch's Expert Report Did Not Meet Statutory Requirements*

Welch filed this health care liability claim against Good Shepherd, Alzaga, and Dickhute in late 2018. After Good Shepherd filed its original answer, Welch filed a supplemental petition against Good Shepherd in which he added an allegation that Good Shepherd did not have

---

[1]Alzaga and Dickhute are not parties to this appeal.

safeguards in place to ensure that patients could not be administered drugs to which they had previously reported they were allergic.

Pursuant to Section 74.351 of the Texas Civil Practice and Remedies Code, Welch served the defendant with the expert report of Kayur Patel, M.D. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a). In relevant part, Dr. Patel's report read:

> At your request, I have reviewed the following:
>
> 1.      Medical Records from Christus Good Shepherd
>
> 2.      Medical Records from Longview Regional Medical Center
>
> I have been asked to evaluate whether Christus Good Shepherd and its staff deviated from the standard of care with respect to the administration of Levaquin, a drug Mr. Melvin Welch was allergic to.
>
> Factual Summary:
>
> January 6, 2017[,] Mr. Melvin Welch presented to the Emergency Department at GSMC Marshall Hospital with a complaint of shortness of breath. He was evaluated and treated in the ER [and] subsequently was admitted to the hospital for further management. He had a known allergy to Levaquin which was well documented by the caring [sic] physicians. Despite the known allergy he was given a dose of Levaquin. On receiving Levaquin intravenously, he experienced chest pains, trouble breathing, and an exacerbation of his previous symptoms. Thereafter, he became very disturbed and angry with the care team at the hospital and ultimately left against medical advice (AMA).
>
> With reasonable certainty, I feel that the GSMC Marshall Hospital fell below the standard of care in caring for Mr. Melvin Welch. Mr. Welch was given Levaquin which he had a known allergy to. The hospital lacked any safeguards/procedures which would prevent physicians from prescribing drugs to patients who were allergic to said pharmaceuticals. The hospital system globally failed to meet [the] standard of care when they administered a drug that the patient is allergic to.
>
> All the foregoing opinions are held to a reasonable degree of medical certainty and are based on the documentation reviewed. I reserve the right to modify or supplement this report if additional information becomes available.

Good Shepherd filed objections to the expert report and filed a motion to dismiss with prejudice Welch's claims against it. After a hearing, the trial court entered an order in which it denied Good Shepherd's motion to dismiss and found that "the Plaintiff has made a good faith effort to comply with Chapter 74 Expert Report and shall have 30 days to supplement the report as to [Good Shepherd]." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(c).

When Welch failed to supplement the report, Good Shepherd filed a second motion to dismiss. That motion was granted, and Good Shepherd was awarded $15,000.00 in attorney fees. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b).

Welch claims the trial court erred by dismissing his claims. We review for an abuse of discretion a trial court's decision to dismiss for lack of an adequate expert report. *Baty v. Futrell*, 543 S.W.3d 689, 693 (Tex. 2018) (citing *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 875 (Tex. 2001)). "An abuse of discretion occurs when the trial court acts in an unreasonable or arbitrary manner without reference to any guiding rules or principles." *Marente v. V. Agh*, 486 S.W.3d 680, 684 (Tex. App.—Texarkana 2016, no pet.) (citing *Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex. 2003)). "A trial court will be deemed to have acted arbitrarily and unreasonably if the trial court could have reached only one decision, yet reached a different one." *Id.* (citing *Teixeira v. Hall*, 107 S.W.3d 805, 807 (Tex. App.—Texarkana 2003, no pet.)).

When, as here, a plaintiff sues a defendant under the Texas Medical Liability Act (the Act), the plaintiff must serve the defendant an expert report that meets certain statutory requirements. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351. The plaintiff must serve the expert report within 120 days after the defendant's answer is filed, and the defendant must file any objections to the

4

sufficiency of the report within twenty-one days of being served with the report. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a).

If a plaintiff fails to serve an expert report within the time limit, then, on the motion of the defendant, the trial court "shall . . . enter an order that (1) awards the [defendant] reasonable attorney's fees and costs of court incurred by the [defendant]; and (2) dismisses the claim with respect to the [defendant], with prejudice to refiling the claim." TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b); *see Scoresby v. Santillan*, 346 S.W.3d 546, 553–54 (Tex. 2011).

The same order may be entered when the plaintiff serves an inadequate report, i.e., one in which one or more elements are found deficient. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(l); *see Scoresby*, 346 S.W.3d at 554. However, in the case of an inadequate report, the Act provides that the trial court may give the plaintiff an opportunity to cure any deficiency by granting one thirty-day extension to file a supplemental report.[2] *Scoresby*, 346 S.W.3d at 554 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(c). If any deficiency is not cured, then, on motion of the defendant, the "court shall grant a motion challenging the adequacy of an expert report only if it appears to the court, after hearing, that the report does not represent an objective good faith effort to comply with the definition of an expert report." TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(l).

To be a valid report under the Act, the report "must fairly summarize the applicable standard of care; it must explain how a [defendant] failed to meet that standard; and it must

---

[2]To qualify for the thirty-day extension, the report must contain "the opinion of an individual with expertise that the claim has merit, and if the defendant's conduct is implicated." *Scoresby*, 346 S.W.3d at 557.

5

establish the causal relationship between the failure and the harm alleged." *Certified EMS v. Potts*, 392 S.W.3d 625, 630 (Tex. 2013) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(r)(6)). Further, "[to] qualify as an objective good faith effort the report must (1) inform the defendant of the specific conduct the plaintiff questions, and (2) provide a basis for the trial court to conclude that the plaintiff's claims have merit." *Loaisiga v. Cerda*, 379 S.W.3d 248, 260 (Tex. 2012) (citing *Scoresby*, 346 S.W.3d at 556 (citing *Palacios*, 46 S.W.3d at 879)). "A report that merely states the expert's conclusions about the standard of care, breach, and causation," or that "omits any of the statutory requirements," does not constitute a good-faith effort. *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 879 (Tex. 2001).

Welch argues that his expert's report conformed to the statutory requirements. Welch argues that the report "makes clear" that administering a medicine to a patient allergic to that medicine falls below the standard of care and that the report "makes clear" that the cause of Welch's pain and breathing problems was his being given the drug. Good Shepherd argues that the report was deficient because it lacked an opinion on the standard of care, it lacked an opinion on proximate cause, and its opinion on any breach of the standard of care was conclusory. We agree that the expert report did not establish a causal relationship between any breach on Good Shepherd's part and any alleged harm.

In order to satisfy the Act's requirement for an expert report, "[a]n expert must explain, based on facts set out in the report, how and why [a health care provider's] breach [of the standard of care] caused the injury. A bare expert opinion that the breach caused the injury will not suffice." *Columbia Valley Healthcare Sys., L.P. v. Zamarripa*, 526 S.W.3d 453, 459–60 (Tex. 2017)

(quoting *Van Ness v. ETMC First Physicians*, 461 S.W.3d 140, 142 (Tex. 2015)). A report that contains only conclusory statements that the breach of the standard of care caused the plaintiff's injuries is insufficient. *Jelinek v. Casas*, 328 S.W.3d 526, 539–40 (Tex. 2010). As the Texas Supreme Court has explained:

> The Act's expert-report requirement seeks "to deter frivolous lawsuits by requiring a claimant early in litigation to produce the opinion of a suitable expert that his claim has merit." Unquestionably, a plaintiff asserting a health care liability claim based on negligence, who cannot prove that her injury was proximately caused by the defendant's failure to meet applicable standards of care, does not have a meritorious claim. While the plaintiff is not required to prove her claim with the expert report, the report must show that a qualified expert is of the opinion she can. The report need not use the words "proximate cause," "foreseeability," or "cause in fact." "[A] report's adequacy does not depend on whether the expert uses any particular 'magical words.'" And merely incanting words does not suffice. "An expert's simple *ipse dixit* is insufficient to establish a matter; rather, the expert must explain the basis of his statements to link his conclusions to the facts." In showing how and why a breach of the standard of care caused injury, the expert report must make a good-faith effort to explain, factually, how proximate cause is going to be proven:
>
>> Proximate cause has two components: (1) foreseeability and (2) cause-in-fact. For a negligent act or omission to have been a cause-in-fact of the harm, the act or omission must have been a substantial factor in bringing about the harm, and absent the act or omission—i.e., but for the act or omission—the harm would not have occurred.
>
> This is the causal relationship between breach and injury that an expert report must explain to satisfy the Act.

*Zamarripa*, 526 S.W.3d at 460 (citations omitted).

In this case, the report does not contain any opinion regarding causation. After setting forth a "factual summary" paragraph, Patel expressed his opinion as:

> With reasonable certainty, I feel that the GSMC Marshall Hospital fell below the standard of care in caring for Mr. Melvin Welch. Mr. Welch was given Levaquin which he had a known allergy to. The hospital lacked any safeguards/procedures

7

which would prevent physicians from prescribing drugs to patients who were allergic to said pharmaceuticals. The hospital system globally failed to meet standard of care when they administered a drug that the patient is allergic to.

This paragraph does not contain any opinion that Good Shepherd's alleged breach of any standard of care caused any injury to Welch. In the "factual summary" paragraph, Patel states, "On receiving Levaquin intravenously, he experienced chest pains, trouble breathing, and an exacerbation of his previous symptoms." Although this statement makes a temporal link between giving Welch Levaquin and his experiencing certain conditions, Patel does not state (1) that the conditions experienced by Welch were known allergic reactions to Levaquin or (2) that the administration of Levaquin was the cause-in-fact of the conditions experienced by Welch.

Consequently, because the report does not contain a good-faith effort to factually explain the causal relationship between Good Shepherd's breach of any standard of care and any injury suffered by Welch, it does not satisfy the requirements of the Act.[3] *See id.* We overrule this issue.

*(2)     Res Judicata Was Not Applicable*

Welch also asserts that the issue of whether the report conformed to the Act's requirements was barred by *res judicata*. In its order denying Good Shepherd's first motion to dismiss, the trial court stated, "The Court finds the Plaintiff has *made a good faith effort to comply with Chapter 74 Expert Report and shall have 30 days to supplement the report as to [Good Shepherd]*." Welch points to the italicized language and Section 74.351(l) and argues that, because the trial court had

---

[3]Because the report failed to explain how and why the breach of any standard of care caused Welch's alleged injuries, we need not determine whether the report made a good-faith effort to set forth the standard of care or its breach.

already determined that he had made a good-faith effort, the issue could not be relitigated. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(l).

We find that this argument is without merit. As we have previously discussed, a trial court may grant a thirty-day extension only to cure deficiencies in the report. Therefore, the trial court's granting of a thirty-day extension demonstrates that the court found the report deficient. Further, to qualify for the thirty-day extension, the report, although inadequate, must meet the minimum qualifications of an expert report. *See Scoresby*, 346 S.W.3d at 557. Since the italicized language was made in the context of granting a thirty-day extension, we interpret it as simply the trial court's expression that, although the report had deficiencies, it met the minimum qualifications that made it a report.

Finally, as applicable here, *res judicata* bars the relitigation of only claims that have been finally adjudicated. *Engleman Irrigation Dist. v. Shields Brothers, Inc.*, 514 S.W.3d 746, 750 (Tex. 2017). For the doctrine to apply, there must be a decision that has become final. *Id.* The trial court's granting of a thirty-day extension under Section 74.351(c) was an interlocutory order that could not be appealed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(9) (Supp.); *Ogletree v. Matthews*, 262 S.W.3d 316, 321 (Tex. 2007). Since the order was not final and appealable, it did not bar the consideration of Good Shepherd's second motion to dismiss challenging Welch's expert report. We overrule this issue.

9

*(3)* *An Expert Report Was Required even if <u>Res Ipsa Loquitur</u> Were to Apply*

Welch further contends that *res ipsa loquitur* applies to the case and that, consequently, he did not have to file and serve an expert report. We disagree.

We have previously held that, even if the evidentiary rule of *res ipsa loquitur* applies, it "does not relieve a party of the responsibility to file an expert report under" the Act. *Sheldon v. Unknown Nurse/Staff of Trinity Mother Frances Hosp.*, No. 06-10-00097-CV, 2011 WL 1990645, at *3 (Tex. App.—Texarkana May 18, 2011, pet. denied) (mem. op.).[4] We overrule this issue.

*(4)* *Insufficient Evidence Supports the Award of Attorney Fees*

In addition to the above, Welch challenges the amount of attorney fees awarded to Good Shepherd. Welch argues that the evidence was insufficient to support the amount of the award and that such award was unreasonable.[5] We agree that insufficient evidence supported the award.

When a trial court determines that an expert opinion is inadequate under the Act, it is required to dismiss the plaintiff's claims against the defendant and to award the defendant the reasonable attorney fees incurred by the defendant. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b); *see Scoresby*, 346 S.W.3d at 553–54. However, "[t]he trial court has discretion to

---

[4]Our sister courts of appeals have held likewise. *See, e.g.*, *Merry v. Wilson*, 498 S.W.3d 270, 277 (Tex. App.—Fort Worth 2016, no pet.); *Sherman v. HealthSouth Specialty Hosp., Inc.*, 397 S.W.3d 869, 876 (Tex. App.—Dallas 2013, pet. denied); *Bogar v. Esparza*, 257 S.W.3d 354, 369 (Tex. App.—Austin 2008, no pet.); *Garcia v. Marichalar*, 198 S.W.3d 250, 253 (Tex. App.—San Antonio 2006, no pet.); *Hector v. Christus Health Gulf Coast*, 175 S.W.3d 832, 839 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).

[5]Welch also complains that the attorney who testified regarding attorney fees had not been designated as an expert, and therefore that her testimony was improper. However, Welch did not object to the attorney testifying at trial. In order to preserve a complaint for our review, the complaining party must make the complaint "to the trial court by a timely request, objection, or motion . . . with sufficient specificity to make the trial court aware of the complaint" and obtain a ruling from the trial court. TEX. R. APP. P. 33.1(a). Since Welch did not object at trial, he has not preserved this complaint for our review.

determine the amount of the [attorney fees] award." *Highland Pines Nursing & Rehab. v. Wiley*, 496 S.W.3d 804, 812 (Tex. App.—Texarkana 2016, no pet.) (citing *Hightower v. Baylor Univ. Med. Ctr.*, 348 S.W.3d 512, 522–23 (Tex. App.—Dallas 2011, pet. denied)). Consequently, we review for abuse of discretion the trial court's determination of the amount of the attorney fees award and whether such award was reasonable. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). A trial court abuses its discretion when it rules without supporting evidence. *Id*.

In Texas, each party generally must pay its own attorney fees. *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 483 (Tex. 2019). When a statute, such as Section 74.351(b), authorizes fee-shifting, "the party seeking a fee award must prove the reasonableness and necessity of the requested attorney's fees." *Id*. at 484, 489 (citations omitted). These factors limit the amount of the fees that may be shifted to the nonprevailing party. *Id*. at 489. In addition, when a statute, as in this case, explicitly references attorney fees that are "incurred," this also limits the amount of fees to be awarded to those for which the non-prevailing party has become liable. *Id*. (citing *Garcia v. Gomez*, 319 S.W.3d 638, 642 (Tex. 2010)).

In *Rohrmoos*, the Supreme Court reaffirmed that, in determining the amount of reasonable and necessary fees in a fee-shifting situation, "the fact-finder's starting point for calculating an attorney's fee award is determining the reasonable hours worked multiplied by a reasonable hourly rate, and the fee claimant bears the burden of providing sufficient evidence on both counts." *Id*. at 498 (citing *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 760 (Tex. 2012)). This results in a "base lodestar figure" that should reflect both the "hours reasonably expended for services necessary to the litigation" and "a reasonable hourly rate for the attorney" performing the services. *Id*. at 498–

11

99. When supported by sufficient evidence, "there is a presumption that the base lodestar calculation . . . reflects the reasonable and necessary attorney's fees that can be shifted to the non-prevailing party."[6] *Id.* at 499 (citing *El Apple*, 370 S.W.3d at 760).

> Sufficient evidence to support a fee award will include,

> > at a minimum, evidence of (1) particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each person performing such services.

*Id.* at 499, 502 (citing *El Apple*, 370 S.W.3d at 762–63). "General, conclusory testimony devoid of any real substance will not support a fee award." *Id.* at 501.

In this case, the attorney for Good Shepherd testified, "[W]e have spent a total of 105 hours on this case, which is reasonable and necessary in the defense of a medical malpractice case. The total fees came to $23,452.00 and the total cost came to 419, which totals to be $23,800.71." After Welch challenged the number of hours spent and the total amount of the requested fees, Good Shepherd's attorney testified,

> Your Honor, I have practiced medical malpractice defense for a year now. I work for a firm that specializes in medical malpractice defense. These hours and these fees are reasonable and were necessary in defending a case such as this. In order to defend a medical malpractice case, time is spent reviewing the pleadings, filing pleadings, reviewing extensive medical records, researching medical literature, conferring with our clients[,] conferring with plaintiff, reviewing plaintiff's expert report, researching plaintiff's expert, preparing and drafting objections to that expert report, the prior Motion to Dismiss, the hearing on that and then this Motion to Dismiss here.

---

[6]Although not applicable to this appeal, other considerations may justify an enhancement or reduction of the base lodestar figure to determine a reasonable fee. *Rohrmoos*, 578 S.W.3d at 501. In order to adjust the base lodestar figure there must be sufficient evidence of the relevant considerations listed in *Arthur Andersen* that were not used in calculating the base lodestar figure. *See id.* at 500–01; *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997).

Even if the testimony can be construed as setting forth the particular services performed in this case, it does not set forth who performed those services, when they were performed, the reasonable amount of time required to perform the services, or the hourly rate for each person performing the services. Hence, the testimony does not meet the minimum evidence required to support the attorney fee award. *Id.* at 499, 502. Because the evidence was insufficient to support the fee award, we sustain this issue.

For the reasons stated above, we affirm that part of the trial court's judgment dismissing Welch's claims against Good Shepherd, but we reverse the trial court's judgment as to the award of attorney fees and remand this cause to the trial court for a redetermination of attorney fees consistent with this opinion.


Josh R. Morriss, III
Chief Justice


Date Submitted:     March 18, 2020
Date Decided:       April 8, 2020